[No. 5223.]
[No. 2839 C. A.]

## THE TOWN OF DEL NORTE v. WEISS.

1. **Practice in Civil Actions—Courts—Change of Venue—County Court to District Court—Statutory Construction.**

     Mills' Ann. Stats., § 1092, providing that, if no substantial objection is shown to exist thereto, the venue shall be changed from county court to the district court of the same county, is not repealed either by Mills' Ann. Stats., § 2679, providing that no appeal shall lie from a judgment of a justice of the peace in any civil or criminal cause to the district court, nor by Sess. Laws 1899, p. 171, authorizing county judges to interchange; but the county judge may, when disqualified, in causes pending on appeal from a justice of the peace, change the venue to another county, or to the district court, or he may invite another county judge to try the cause.—P. 272.

2. **Justices of the Peace—Appeals to County Court—Transcripts Delivered to Attorneys.**

     The mere fact that a justice of the peace delivers the transcript and papers to the attorney for appellant, instead of filing

them with the clerk of the county court as the statute requires, does not vitiate the appeal, if they were filed within the required time and by the person to whom the justice delivered them for filing.—P. 272.

3. **Cities and Towns—Courts—Appeals—Appeal Bonds—Statutory Construction.**

Mills' Ann. Stats., § 4444, provides that, in all actions and proceedings in any court in this state, in which a municipal corporation of this state shall be a party, such corporation may take an appeal without giving bond. Held, that such section not only applies to appeals to and writs of error from the supreme court, but to every case in which a municipality is a party in any court of this state; and hence Mills' Ann. Stats., § 2681, providing that a justice of the peace shall, within twenty days after receiving and approving an appeal bond, file the same in the office of the county court, together with all the papers in the case, is sufficiently complied with by a municipality where, on the day the judgment was entered against it, its counsel gave notice of an appeal and the justice of the peace caused the transcript and papers to be filed with the clerk of the county court within twenty days thereafter, although no appeal bond was given.—P. 273.

4. **Court of Appeals Opinion Modified.**

That portion of the opinion in Pueblo v. Jackson, 3 Colo. App. 522, holding that Mills' Ann. Stats., § 4444, has no reference to appeals from the county court to the district court, and that it applies only to causes taken to the appellate courts, referred to and overruled.—P. 273.

*Appeal from the District Court of Rio Grande County.*

*Hon. Jesse G. Northcutt, Judge.*

Action by The Town of Del Norte against Adam J. Weiss. From a judgment of the district court dismissing plaintiff's appeal from the justice of the peace, brought to the district court on change of venue from the county court, plaintiff appeals.

*Reversed and remanded.*

Mr. J. C. WILEY, for appellant.

Mr. J. H. BAXTER, for appellee.

Mr. Justice Steele delivered the opinion of the court:

From the judgment of a justice of the peace in favor of the defendant (appellee here), the town of Del Norte took an appeal to the county court. A motion to change the venue of the cause, upon the ground that the county judge was interested as an official of the town, was granted, and the cause was transferred to the district court. In the county court, Weiss moved to dismiss the appeal for the following reasons: "1. That no appeal bond was filed nor approved within ten days from the date of the rendering of the judgment herein by the justice of the peace, as provided by law. 2. That no appeal was prayed, granted or perfected from the justice of the peace herein within ten days from the rendering of the same, as provided by law. 3. That the certified transcript and papers in this case were not delivered or transmitted to the clerk of the county court by the justice of the peace, as provided by law, but were delivered to J. C. Wiley, attorney for defendant."

In the district court the motion was renewed, and an additional ground: "That the district court has not, and cannot obtain, jurisdiction of said cause," was stated. The cause was dismissed by the district court, and the town appealed to the court of appeals.

The town contends that the court erred in granting the motion to dismiss. The court assigned no reason for the granting of the motion, and we shall, therefore, consider all the objections made to the jurisdiction of the court, and consider them in the inverse order in which they were made. The statute, section 1092, Mills' Annotated Statutes, provides that, if no substantial objection is shown to exist thereto, the venue shall be changed to the district court of the same county. The objection to the

change of venue to the district court was, that the district court has not and cannot obtain jurisdiction of said cause. We are of opinion that the district court has jurisdiction to hear and determine causes transferred on a change of venue from the county court. Neither section 2679, Mills' Annotated Statutes, providing that no appeal shall lie from a judgment of a justice of the peace in any cause, civil or criminal, to the district court, nor the law of 1899, page 171, Laws of 1899, authorizing county judges to interchange, repeals section 1092 mentioned; but the county judge may, when disqualified, in causes pending on appeal from a justice of the peace, change the venue of a cause to another county, or to the district court, or he may invite another county judge to try the cause as provided by the law of 1899.

The mere fact that the justice delivered his transcript and papers to the attorney for appellant, instead of filing them with the clerk of the county court as the statute requires, does not have the effect of vitiating the appeal. If the papers were filed with the clerk of the county court within the time required by statute, by a person to whom the justice delivered them for filing, the statute has been complied with, and the appeal duly taken, if, in other respects, the statute has been observed. The justice rendered judgment July 31, at which time the town gave notice of appeal. "On August 14th," the certificate of the justice recites, "the city prayed an appeal to the county court without bond, and requested that the transcript of the record be certified, which prayer and request were granted." The statute, 2679 Mills' Annotated Statutes, provides that the party appeal-ing shall, within twenty days of the approval of his appeal bond, pay to the clerk of the court to which he takes an appeal all costs necessary to have the cause docketed and placed on the calendar of said

court. Section 2681 provides that the party desiring an appeal may file his bond with the justice, who shall, "within twenty days after receiving and approving the appeal bond, file the same in the office of the clerk of the county court, together with all the papers and transcript of the judgment he has given, with a certificate under his hand, that the said transcript and papers contain a full and perfect statement of all the proceedings before him."

The first two grounds of the motion should be considered together. Section 4444, Mills' Annotated Statutes, provides that, in all actions, suits and proceedings in any court in this state, in which a municipal corporation of this state shall be a party, such municipal corporation may take an appeal without giving bond. This statute was under consideration by the court of appeals in the case *Pueblo v. Jackson,* 3 Colo. App. 524. The court held: "The section provides that a municipal corporation may take an appeal and have a writ of error made a *supersedeas,* without giving bond"; and thus connects "appeal" and "writ of error" in such manner that they would both seem to have reference to the same class of cases, viz., cases which are reviewable for error. And the court determined and held that section 4444 had no reference to appeals from the county court to the district court, and that it only applies to causes taken to the appellate courts; but we must place an entirely different construction upon the statute. It is broad enough, in our opinion, to include every cause in which a municipality is a party, in any court of the state. The purpose of the legislature in using the words "and have a writ of error made a *supersedeas,"* was not, in our opinion, intended to limit the right to causes reviewable for error, but such words were included so as to embrace those causes in the appellate courts not reviewable on appeal, and to

thus relieve municipalities from the necessity of giving bond in any cause in any court in this state. But few of the cases in which a municipality is a party reach the appellate courts. The vast majority of the cases are those originating in the police magistrate's court, and ending in the county court. As there is good reason for relieving the municipality from giving an appeal bond, the legislature evidently intended to relieve the municipality in every case; but, as there are many cases reviewable in this court by writ of error only, the legislature wisely enacted that the city might have a writ of error made a *supersedeas* without the giving of bond.

The statute, § 2681 Mills, provides that the justice shall, within twenty days after receiving and approving the appeal bond, file the same in the office of the clerk of the county court, together with all the papers in the cause. Although municipalities have been relieved from the giving of an appeal bond, in order to take an appeal from the justice's court, they must, within ten days from the date of the rendition of the judgment, indicate in some appropriate way their desire to take an appeal, and, within twenty days thereafter, file or cause to be filed with the clerk of the county court, the transcript and all the original papers, duly certified as required by section 2581. In this case, counsel for the town, on the day judgment was rendered by the justice, gave notice of appeal, and within twenty days thereafter the justice caused to be filed with the clerk of the county court the transcript and papers duly certified. The town thus complied with the statute and perfected its appeal within the time required by law. The recital in the certificate of the justice that the town, on August 14, prayed an appeal, should not control, inasmuch as the transcript recites that the city gave notice of an appeal on July 31. Section 4444, in our

opinion, grants the municipalities of the state the right of appeal in all cases where an appeal lies, and permits the appeal to be taken without the giving of bond. In cases reviewable here only on error, it grants the municipalities of the state the right to a *supersedeas,* whenever a *supersedeas* is allowed, without the giving of bond.

It becomes our duty, therefore, for the reasons given, to reverse the judgment of the district court, and to remand the case for further proceedings.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.